IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Cerita Green-Cole, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.  1:20-cv-1255 |
| I.C. System, Inc., a Minnesota corporation, | ) ) ) ) | |
| Defendant. | ) | Jury Demanded |

## COMPLAINT

Plaintiff, Cerita Green-Cole, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's collection actions violated the FDCPA, and to recover damages, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resided here; and, c) Defendant transacts business here.

## PARTIES

3. Plaintiff, Cerita Green-Cole ("Green-Cole"), was a citizen of the State of Illinois, residing in the Northern District of Illinois, when Defendant attempted to collect defaulted consumer debts that she allegedly owed to Comcast.

4. Defendant, I.C. System, Inc. ("IC System"), is a Minnesota corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer

debts. IC System operates a defaulted debt collection business, and attempts to collect debts from consumers in many states, including consumers in the State of Illinois. In fact, Defendant IC System was acting as a debt collector as to the defaulted consumer debts it attempted to collect from Plaintiff.

5. Defendant IC System is authorized to conduct business in Illinois, and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Defendant IC System conducts extensive business in Illinois by writing to, calling, and making credit reports on, thousands of Illinois consumers.

## FACTUAL ALLEGATIONS

6. Due to financial difficulties, Plaintiff was unable to pay her debts, including debts she allegedly owed to Comcast. Defendant IC System attempted to collect these debts from her via negative credit reports. Unsure about the amount of the debts and about IC System, Ms. Green-Cole consulted with counsel about her debt issues and the debts that IC System was trying to collect.

7. Accordingly, Ms. Green-Cole's attorney wrote to Defendant IC System, via letters dated November 26, 2019 and December 2, 2019, to dispute the debts IC System was trying to collect. Copies of these letters and facsimile confirmations are attached as Group Exhibit B.

8. On February 4, 2020, Ms. Green-Cole obtained and reviewed copies of her TransUnion and Experian credit reports, which showed that Defendant IC System had continued to report the debts, but had failed to note that both debts were disputed.

The pertinent parts of Ms. Green-Cole's TransUnion and Experian credit reports are attached as Group Exhibit C.

9. Defendant's violations of the FDCPA were material because Defendant's failure to note that both debts were disputed when Defendant reported, or continued to report, the debts on Plaintiff's credit report impaired her credit rating and her ability to obtain credit. Moreover, Defendant's failure to note, when reporting the debts on Plaintiff's credit report, that both debts were disputed made it appear to Plaintiff that she did not actually have the right to dispute both debts. Defendant's collection actions alarmed, confused and distressed Ms. Green-Cole.

10. All of Defendant's collection actions at issue in this matter occurred within one year of the date of this Complaint.

11. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard, see, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
## Violation Of § 1692e Of The FDCPA – False or Misleading Representations

12. Plaintiff adopts and realleges ¶¶ 1-11.

13. Section 1692e of the FDCPA prohibits debt collectors from using any false, deceptive or misleading means to collect or attempt to collect a debt, including, but not limited to, communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed, see 15 U.S.C. § 1692e(8)("…the following conduct is a violation of this section…including the failure to communicate that

3

a disputed debt is disputed…"); see also, Evans v. Portfolio Associates, 889 F.3d 337, 346 (7th Cir. 2018); Sayles v. Advanced Recovery Systems, 865 F.3d 246, 249-250 (5th Cir. 2017); and Brady v. Credit Recovery, 160 F.3d 64, 65 (1st Cir. 1998).

14. Defendant, by continuing to report the debts to credit reporting agencies, when it knew the debts were disputed by the consumer, and failing to report that both of the debts were disputed, used false, deceptive or misleading means to collect or attempt to collect a debt, in violation of § 1692e(8) of the FDCPA.

15. Defendant's violations of § 1692e(8) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

### COUNT II
### Violation Of § 1692f Of The FDCPA --
### Unfair Or Unconscionable Collection Actions

16. Plaintiff adopts and realleges ¶¶ 1-11.

17. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

18. Defendant, by continuing to report the debts to credit reporting agencies, when it knew both of the debts were disputed by Plaintiff, used unfair or unconscionable means to collect, or attempt to collect, a debt, in violation of § 1692f of the FDCPA.

19. Defendant's violations of § 1692f of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Cerita Green-Cole, prays that this Court:

1. Find that Defendant's collection practices violate the FDCPA;

2. Enter judgment in favor of Plaintiff Green-Cole, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Cerita Green-Cole, demands trial by jury.

Cerita Green-Cole,

By: /s/ David J. Philipps<br>
One of Plaintiff's Attorneys

Dated: February 20, 2020

David J. Philipps   (Ill. Bar No. 06196285)<br>
Mary E. Philipps   (Ill. Bar No. 06197113)<br>
Angie K. Robertson (Ill. Bar No. 06302858)<br>
Philipps & Philipps, Ltd.<br>
9760 S. Roberts Road<br>
Suite One<br>
Palos Hills, Illinois 60465<br>
(708) 974-2900<br>
(708) 974-2907 (FAX)<br>
davephilipps@aol.com<br>
mephilipps@aol.com<br>
angie@philippslegal.com